George F. HUBER, Jr., Plaintiff, and Chesapeake & Dallas Co., Inc., Defendant, Appellees,

v.

Charles A. MULLAN and Thomas Mullan, Jr., Appellants.

George F. HUBER, Jr., Plaintiff, and Chesapeake & Dallas Co., Inc., Defendant, Appellees,

v.

THIRTY–NINE HUNDRED NORTH CHARLES STREET, INC., Appellant.

George F. HUBER, Jr., Plaintiff, and Chesapeake & Dallas Co., Inc., Defendant, Appellees,

v.

George E. BANKS, III, Appellant.

George F. HUBER, Jr., Plaintiff, and Chesapeake & Dallas Co., Inc., Defendant, Appellees,

v.

Barbara A. BANKS, Appellant.

Nos. 9943–9946.

United States Court of Appeals
Fourth Circuit.

Argued July 2, 1965.

Decided Sept. 9, 1965.

Robert R. Bair, Baltimore, Md., for appellant in No. 9946.

Peter Parker, Baltimore, Md., for appellant in No. 9945.

Francis B. Burch, Baltimore, Md., for appellants in Nos. 9943 and 9944 (Arthur W. Machen, Jr., and George W. Baker, Jr., and Allen, Burch & Baker, and Venable, Baetjer & Howard, and Semmes, Bowen & Semmes, Baltimore, Md., on brief).

R. Taylor McLean, Towson, Md., for appellee George F. Huber, Jr.

M. Peter Moser, Baltimore, Md., for appellee Chesapeake & Dallas Co., Inc. (Berryl A. Speert and William F. Lynch, II, Wilmington, Del., and Royston, Mueller, Thomas & McLean, Towson, Md., and Nyburg, Goldman & Walter, Baltimore, Md. and Morris, James, Hitchens & Williams, Wilmington, Del., on brief).

Before BOREMAN, BRYAN and BELL, Circuit Judges.

PER CURIAM:

Interpretation of an option agreement in accordance with his views was successfully prayed by George F. Huber, Jr., in a declaratory judgment action. On this appeal by certain of the defendants, we affirm. The terms of the agreement and the circumstances of its execution appear as follows.

In December 1962 George E. Banks, III, and his wife, Barbara, (Banks) transferred to Huber their share of an interest held jointly by them with Huber in an apartment house corporation in Baltimore, Maryland. In this assignment Banks reserved a 5-year privilege to reacquire all or one-half of the interest of Huber in the corporation. A modification of this privilege was accomplished by a memorandum agreement of December 30, 1963. Therein Banks waived and released their repurchase privilege "subject only to the understanding that Banks shall have the right [option] of first refusal of any prospective bona fide sale of Huber's interest in * * * [the corporation] providing such offer to purchase is *for cash only*". We accent the last phrase because it is pivotal in the construction asked in this suit.

In March 1964 Huber agreed to sell his entire interest to Chesapeake & Dallas Co., Inc., for immediate cash of $300,000 and notes of $350,000 payable in 5 equal installments. Thereupon Banks attempted to exercise the option (right of first refusal) by an offer to Huber to repurchase on the same terms as he had given Chesapeake. Soon thereafter Banks assigned all of their rights under the two agreements to Charles A. Mullan and Thomas Mullan, Jr. (Mullan), the owners of the remaining outstanding stock of the corporation. Huber declined Banks' proffer and brought this action.

The construction of the option urged by Huber was that the phrase "for cash only" meant a sale solely for cash, the sale to Chesapeake was not for all cash, and therefore the option of Banks no longer attached. Because he considered the instruments ambiguous, the District Judge permitted all of the parties to the suit—Huber, Banks, Mullan, Chesapeake and the apartment corporation—to ad-

duce evidence aliunde to establish the intendment of the Huber-Banks assignments and reservations. On conflicting testimony and varying assertions for these agreements, the judge reviewed the circumstances of their framing and approved Huber's construction.

 Aside from arguing an absence of factual and legal support for the judgment, the defendants-appellants press three points of evidence which, they say, were crucial and the denial of them vitiates the adverse decision. The first is the admission in evidence of a memorandum made by Huber's attorney of a conversation with Huber, before granting the option, in which Huber expressed his understanding of the past and proposed agreements. Ordinarily, this proof would be unacceptable as a self-serving declaration. But, instantly, it was admitted on the issue of the reformation for mutual mistake interposed and prayed by Banks and Mullan. It was thought that Huber's directions to his counsel in preparation of the option were relevant to refute the contention that it did not embody his wishes. This was the reason stated for the reception of the evidence and it was correct. The appellants do not persuade us that in the final determination of the cause the Court used this evidence without this restriction.

The second objection is directed to the exclusion of declarations made by Huber and his attorney in February and April 1964—after the execution of the option—concerning its purpose. Repetition of these statements was offered through Banks and Mullan. On the February occasion the alleged declaration was that of the attorney alone. It was rejected as not competent to prove the understanding of Huber, the client. As an attempt to impeach the attorney's prior testimony, it was held improper because of its collateral nature and was excluded, also, because its significance as impeachment was far outweighed by its noxiousness as an interpretative opinion. The April 1964 incident embraced declarations by Huber and his attorney

at a time, the Court found, when compromise negotiations were afoot, suit having followed ten days later. Thus since the declarations were made in this context, they were properly excluded.

The third objection ran to the interrogation of Barbara Banks as to her understanding of the option at the time of trial. In response she explained she now recognized that the final agreement could mean the option was available only if the proposed sale was for all cash. The evidence was allowed for its effect, if any, upon her previous testimony. Her first impression had been that the right of refusal embraced an option to buy on terms "identical" with those extended to a prospective purchaser.

In context we think all of these rulings were sound. At all events, the trial was not to a jury, and the Court was entirely sensible to the value of the evidence for any particular purpose.

We find no frailty in the fact findings or mistake in the law upon which the District Judge premised his judgment. On his opinion, Huber v. Mullan et al., D.Md., Dec. 4, 1964, 246 F.Supp. 8, we approve his interpretation and effectuation of the option.

Affirmed.